Marvelle J. "Jay" Ballentine
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
(407) 794-6503
jayballentine@protonmail.com
Plaintiff, pro se

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVELLE J. "JAY" BALLENTINE )<br><br>           Plaintiff, )<br>   vs. )<br> )<br>META PLATFORMS, INC., and )<br>ACCENTURE LLP )<br> )<br>           Defendant(s) )<br> ) | Case No.: 3:25-cv-07671-CRB<br><br>**NOTICE OF MOTION AND MOTION FOR TARGETED PRESERVATION ORDER**<br>**(Meta Platforms, Inc.)** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff respectfully requests that this Motion be decided on the papers without oral argument pursuant to Civil L.R. 7-1(b). If the Court requires oral argument, Plaintiff requests the opportunity to appear remotely via Zoom.

Dated: October 9, 2025

Respectfully submitted,

*/s/ Marvelle J. Ballentine*
Marvelle J. Ballentine
Plaintiff, pro se
7862 W. Irlo Bronson Memorial Hwy
#82
Kissimmee, FL 34747
jayballentine@protonmail.com

**Issues to Be Decided**

Pursuant to Civil L.R. 7-4(a)(3), Plaintiff respectfully submits the following issues for the Court's determination:

1. Whether the Court should enter a narrow preservation order requiring Meta to preserve existence-level, non-content records showing: (a) whether any CyberTipline report tied to Plaintiff's July 4, 2022 enforcement was generated or transmitted; (b) Meta's internal reportability decision for that enforcement; and (c) the audit trail of Plaintiff's immediate appeal/final human review (timestamps and reviewer role identifiers), without compelling production of any contents.

2. Whether the preservation duty should be temporally limited to July 1–August 10, 2022, keyed to Plaintiff's account identifiers, and whether Meta should suspend routine deletion/rotation for only the systems/logs necessary to capture those items during that window.

3. Whether the Court should permit use of the motion's working definitions (e.g., "CyberTipline Report," "Transmit," "Plaintiff's Account Identifiers," "Account-Level Enforcement Event") solely to define the preservation scope.

4. Whether the Court should require a two-step Rule 26(g) preservation certification limited to adequacy of holds:

    (a) within 7 days, certification that litigation holds covering the relevant systems and custodians have been implemented; and

    (b) within 14 days, certification either confirming preservation of existence-level records described in Issue 1 or, in the alternative, identifying the specific systems and custodians placed under hold, without ordering merits discovery.

5. Whether any existence identifiers referenced in such certifications (e.g., report or log identifiers) should be handled under a CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation.

6. Whether, consistent with the noticed request, the Court should decide this preservation motion on the papers under Civil L.R. 7-1(b).

**Relief Sought**

7. Plaintiff respectfully requests that the Court enter a preservation-only order, narrowly tailored to the July 4, 2022 enforcement and immediate appeal/final review, without compelling production of any contents.

8. *Definitions for Preservation Scope Only.* For purposes of this order, and solely to delineate the preservation scope (not to compel production), the following terms apply:

(a) *"CyberTipline Report"* means any report generated for or submitted to NCMEC's CyberTipline concerning the July 2022 enforcement, including associated internal report identifiers, timestamps, and transmission metadata (existence/metadata only).

(b) *"Transmit"* means to send or attempt to send a CyberTipline report from Meta systems to NCMEC (including queueing, hand-off, or API submission events) (existence/metadata only).

(c) *"Plaintiff's Account Identifiers"* means the unique identifiers associated with Plaintiff's Meta account(s) during July 2022 sufficient to locate logs for the enforcement and immediate appeal/final review (e.g., user/profile ID(s) and other Meta-native identifiers).

(d) *"Account-Level Enforcement Event"* means Meta's July 4, 2022 disablement under its CSE policy and the immediate appeal/final human review that followed.

9. *Temporal Scope.* Preservation shall be limited to July 1 through August 10, 2022, keyed to Plaintiff's Account Identifiers, and shall apply only to systems/logs necessary to capture the existence-level items described below for that window. Routine deletion/rotation for those specific systems/logs shall be suspended for that limited period.

10. *Existence-Level Categories to Preserve (No Contents).* Meta shall preserve the following categories of existence-level records:

(a) CyberTip Generation/Transmission (Existence Only): Records sufficient to show whether any CyberTipline report tied to the July 4, 2022 enforcement was

generated and/or transmitted, including existence of internal report identifiers, queue/outbox events, and transmission timestamps (no report contents).

(b) Reportability Decision (Existence Only): Records sufficient to show the internal "reportable/non-reportable" decision status and any associated audit flagging for the July 4, 2022 enforcement (no contents of any underlying materials).

(c) Appeal/Final Human Review Audit Trail (Existence Only): Records sufficient to show the appeal/final-review audit trail, including timestamps and reviewer-role identifiers sufficient to confirm that final human review occurred (no review notes, rationale text, or content).

11.     *Confidentiality.* Any existence-level identifiers (e.g., internal report IDs or log IDs) referenced in certifications or preservation notices may be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER and handled accordingly.

12.     *Rule 26(g) Preservation Certification (Case-Management Only).* Meta shall provide:

(a) Within seven (7) days: A certification that litigation holds covering the systems/custodians necessary to preserve the items in Paragraph 10 have been implemented.

(b) Within fourteen (14) days: A certification either (i) confirming that the existence-level records described in Paragraph 10 are preserved; or (ii) identifying the specific systems and custodians placed under hold sufficient to capture those items.

13.     *No Production Compelled.* This order is preservation-only and does not require production of any content, documents, or ESI.

**Procedural Posture & Background**

14.     *Procedural Posture.* This action was filed on September 9, 2025, and reassigned to the Hon. Charles R. Breyer on September 18, 2025. The Court set an Initial Case Management Conference for December 19, 2025 at 8:30 a.m. by videoconference, with a Joint Case Management Statement due December 12, 2025. Meta filed Rule 7.1 disclosures on September 25, 2025. The

1  Court granted Accenture's pro hac vice application for Devin S. Anderson on October 7, 2025. On
2  October 8, 2025, Plaintiff filed a Civil L.R. 6-3 motion to advance the Initial Case Management
3  Conference and extend time to oppose any Rule 12 motions. Those matters remain pending.

4       15.    *Background.* The targeted preservation request concerns a discrete enforcement event
5  on July 4, 2022, and the immediate appeal/final human review that followed. The motion seeks
6  preservation of existence-level, non-content records limited to that event and a narrow July
7  1–August 10, 2022 window, keyed to Plaintiff's account identifiers. Plaintiff asks that the Court
8  decide the motion on the papers under Civil L.R. 7-1(b). No Rule 26(f) conference has occurred and
9  discovery has not opened; the requested order is preservation-only and seeks no production.

**Legal Standards**

11       16.    Under the Federal Rules of Civil Procedure, the Court has broad discretion to manage
12  discovery and issue tailored, proportional orders that protect against loss of relevant information.
13  Fed. R. Civ. P. 26(b)(1) (scope and proportionality); Fed. R. Civ. P. 26(c) (protective orders); Fed. R.
14  Civ. P. 26(d)(1) (timing) and 26(d)(3) (sequence). These rules authorize case-management
15  relief—including preservation-only directives—before a Rule 26(f) conference when necessary to
16  safeguard evidence while deferring production and merits issues to later phases.

17       17.    Rule 26(g) requires that discovery-related submissions be signed to certify reasonable
18  inquiry and compliance with the Rules. Fed. R. Civ. P. 26(g)(1). Limited certifications confirming
19  that litigation holds have been implemented and that specified categories are being preserved fall
20  within this case-management framework without compelling production. Such certifications serve to
21  confirm adequacy of preservation without converting the motion into merits discovery. This
22  certification approach is consistent with the Northern District's ESI Guidelines and Standing Order,
23  which require parties to report at the CMC that they have reviewed the ESI Guidelines and taken
24  reasonable, proportionate preservation steps.

25       18.    Rule 37(e) addresses preservation of electronically stored information. When ESI that
26  should have been preserved in the anticipation or conduct of litigation is lost because a party failed
27  to take reasonable steps to preserve it, and it cannot be restored or replaced through additional
28  discovery, the Court may order measures no greater than necessary to cure the prejudice. Fed. R. Civ.

P. 37(e). Targeted preservation orders—limited by time, systems, and subject matter—prevent such loss and align with Rule 37(e)'s preventive purpose and Rule 26(b)(1)'s proportionality requirement.

19. The Court possesses inherent authority to control its docket and manage pre-discovery preservation issues. See, e.g., Leon v. IDX Sys. Corp., 464 F.3d 951, 958 (9th Cir. 2006) (recognizing inherent power to manage litigation). The Court may determine this motion without oral argument under Civil L.R. 7-1(b), reinforcing that the requested relief is administrative case management (preservation only) rather than production or adjudication on the merits.

### Argument

20. *Good Cause.* A targeted preservation order is warranted to prevent the loss of transient existence-level artifacts tied to a single enforcement event and immediate appeal/final human review on July 4, 2022. The request is limited to metadata/existence indicators necessary to determine whether a CyberTipline report was generated/transmitted, the internal reportability status for that event, and the audit trail of the immediate appeal/final human review. No contents are sought.

21. *Proportionality.* The request is proportional to the needs of the case under Rule 26(b)(1). It is confined to a 41-day window (July 1–August 10, 2022), keyed to Plaintiff's account identifiers, and limited to the systems/logs necessary to capture existence-level items. The order expressly disclaims any production. This narrow scope minimizes burden while ensuring preservation of records that, if lost through routine rotation, cannot be restored or replaced.

22. *Issue 1 (Existence-Level Categories).* The three categories set out in the motion—(a) CyberTip generation/transmission existence; (b) internal reportability decision status; and (c) appeal/final-review audit trail (timestamps and reviewer role identifiers)—are directly tied to the July 4, 2022 event and are framed as existence-only. Preserving these limited indicators safeguards the core artifacts without compelling content or merits discovery.

23. *Issue 2 (Temporal Limit and Auto-Deletion Suspension).* Limiting preservation to July 1–August 10, 2022, keyed to Plaintiff's account identifiers, and suspending routine deletion/rotation only for the specific systems/logs necessary to capture the identified items strikes the proper balance between preventing loss and avoiding undue burden.

24. *Issue 3 (Working Definitions for Scope Only).* The motion's definitions (e.g., "CyberTipline Report," "Transmit," "Plaintiff's Account Identifiers," "Account-Level Enforcement Event") are used solely to delineate preservation scope. They do not compel production, admissions, or any merits positions.

25. *Issue 4 (Two-Step Rule 26(g) Certifications).* The proposed certifications are case-management attestations. Within seven days, Meta certifies that litigation holds covering the necessary systems/custodians have been implemented. Within fourteen days, Meta either (i) confirms preservation of the existence-level items described, or (ii) identifies the specific systems/custodians placed under hold sufficient to capture those items. These limited certifications are procedural and ensure preservation remains intact pending discovery.

26. *Issue 5 (Confidentiality).* Any existence-level identifiers referenced in certifications or preservation notices (e.g., internal report IDs or log IDs) may be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER and handled accordingly, further reducing any potential burden or sensitivity concerns.

27. *Issue 6 (Decision on the Papers).* Consistent with the noticed request and the purely preservation-only nature of the relief, the Court may determine this motion without oral argument under Civil L.R. 7-1(b). This posture aligns with the pre-Rule 26(f) status and avoids premature merits disputes.

28. *Pre-26(f) Posture.* No Rule 26(f) conference has occurred and discovery has not opened. The requested order is narrowly tailored, preservation-only, and calibrated to safeguard evidence while leaving production and merits issues for later phases.

**Requested Order Terms**

29. *Preservation-Only Order (No Production).* Enter a preservation-only order limited to existence-level, non-content artifacts tied to the July 4, 2022 enforcement event and the immediate appeal/final human review.

30. *Definitions for Scope Only.* For purposes of preservation scope (not production), apply the motion's working definitions of "CyberTipline Report," "Transmit," "Plaintiff's Account Identifiers," and "Account-Level Enforcement Event" as set forth in Paragraph 8 above.

31. *Temporal Scope and System Focus.* Limit preservation to July 1 through August 10, 2022, keyed to Plaintiff's Account Identifiers, and require suspension of routine deletion/rotation only for the specific systems/logs necessary to capture the existence-level items described herein for that window.

32. *Existence-Level Categories to Preserve.* Preserve records sufficient to show, without contents:

   (a) CyberTip Generation/Transmission (Existence Only): whether any CyberTipline report tied to the July 4, 2022 enforcement was generated and/or transmitted (including existence of internal report identifiers, queue/outbox events, and transmission timestamps);

   (b) Reportability Decision (Existence Only): the internal "reportable/non-reportable" decision status (including any associated audit flagging) for that enforcement; and

   (c) Appeal/Final Human Review Audit Trail (Existence Only): timestamps and reviewer-role identifiers sufficient to confirm the immediate appeal/final human review occurred (excluding any review notes, rationale text, or content).

33. *Two-Step Rule 26(g) Certifications (Case-Management Only).* Require:

   (a) Within seven (7) days: a certification that litigation holds covering systems/custodians necessary to preserve the items in Paragraph 10 above have been implemented; and

   (b) Within fourteen (14) days: a certification either

      (i) confirming that the existence-level records described in Paragraph 10 above are preserved; or

      (ii) identifying the specific systems and custodians placed under hold sufficient to capture those items. These certifications are limited to preservation adequacy and do not constitute merits discovery or admissions.

34. *Confidentiality Handling.* Permit any existence-level identifiers referenced in certifications or preservation notices (e.g., internal report IDs or log IDs) to be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER and handled accordingly.

35. *No Waiver / No New Records.* Clarify that complying with this preservation order does not waive any party's objections to relevance, proportionality, admissibility, or privilege, and does not require creation of new records beyond reasonable steps necessary to suspend deletion/rotation and preserve existing existence-level artifacts.

36. *Decision on the Papers.* The Court may determine this preservation motion without oral argument under Civil L.R. 7-1(b).

37. *Duration.* Preservation shall continue until further order of the Court or written agreement of the parties approved by the Court.

**Declaration of Marvelle J. Ballentine in Support of Motion for Targeted Preservation Order**
**(Meta Platforms, Inc.)**

I, Marvelle J. "Jay" Ballentine, declare:

1. I am the Plaintiff in this action. I have personal knowledge of the facts stated in this declaration and could testify to them if called.

2. On July 4, 2022, my Meta account was disabled under Meta's Child Sexual Exploitation policy. The same day I submitted an in-product appeal, and final human review occurred within hours following the disablement.

3. The motion seeks preservation-only relief, not production. It seeks preservation of existence-level, non-content records sufficient to show whether any CyberTipline report tied to the July 4, 2022 enforcement was generated or transmitted, the internal reportability decision status for that enforcement, and the audit trail of the immediate appeal and final human review including timestamps and reviewer-role identifiers.

4. The requested preservation is limited to July 1 through August 10, 2022, and keyed to my account identifiers.

5. Based on information and belief, certain logs and audit trails relevant to these categories are subject to routine deletion or rotation in the ordinary course of business. Targeted preservation for the limited window described above is necessary to prevent loss before discovery opens.

6. As of the date of this declaration, no Rule 26(f) conference has occurred and discovery has not opened.

7. The motion requests two limited certifications under Rule 26(g):
   (a) within seven days, Meta should certify that litigation holds covering the necessary systems and custodians have been implemented; and
   (b) within fourteen days, Meta should certify either that the existence-level items described are preserved or identify the specific systems and custodians placed under hold sufficient to capture those items. These are case-management attestations directed to preservation adequacy, not merits discovery.

8. Any existence-level identifiers referenced in the certifications may be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER and handled accordingly.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 9, 2025.

By: */s/ Marvelle J. Ballentine*
Marvelle J. "Jay" Ballentine
Plaintiff, pro se
7862 W. Irlo Bronson Memorial Hwy, #82
Kissimmee, FL 34747
(407) 794-6503
jayballentine@protonmail.com