Marvelle J. "Jay" Ballentine
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
(407) 794-6503
jayballentine@protonmail.com
Plaintiff, pro se

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARVELLE J. "JAY" BALLENTINE | ) | Case No.: 3:25-cv-07671-CRB |
| | ) | |
| Plaintiff, | ) | **NOTICE OF MOTION AND MOTION FOR** |
| vs. | ) | **TARGETED PRESERVATION ORDER** |
| | ) | **(Accenture LLP)** |
| META PLATFORMS, INC., and | ) | |
| ACCENTURE LLP | ) | |
| | ) | |
| Defendant(s) | ) | |
| | ) | |
| | ) | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff respectfully requests that this Motion be decided on the papers without oral argument pursuant to Civil L.R. 7-1(b). If the Court requires oral argument, Plaintiff requests the opportunity to appear remotely via Zoom.

Dated: October 9, 2025

Respectfully submitted,

*/s/ Marvelle J. Ballentine*
Marvelle J. Ballentine
Plaintiff, pro se
7862 W. Irlo Bronson Memorial Hwy
#82
Kissimmee, FL 34747
jayballentine@protonmail.com

MOTION FOR TARGETED PRESERVATION ORDER - ACCENTURE LLP

**Issues to Be Decided**

Pursuant to Civil L.R. 7-4(a)(3), Plaintiff respectfully submits the following issues for the Court's determination:

1.      Whether the Court should enter a narrow preservation order requiring Accenture to preserve existence-level, non-content records showing:

> (a) review session telemetry for Final Human Review conducted in 2022;
>
> (b) mapping data sufficient to identify which identity-revealing materials were displayed to which reviewer-role identifiers; and
>
> (c) access logs for Meta-provided systems used during Final Human Review, without compelling production of any contents.

2.      Whether "possession, custody, or control" for preservation purposes should include data accessible through Meta-provided tools, dashboards, or systems that Accenture accessed in the ordinary course of performing content moderation services.

3.      Whether the preservation duty should be temporally limited to calendar year 2022, with express inclusion of July 4, 2022, keyed to Plaintiff's account identifiers.

4.      Whether the Court should require a two-step Rule 26(g) preservation certification:

> (a) within 7 days, certification that litigation holds covering the relevant systems and custodians have been implemented; and
>
> (b) within 14 days, certification either confirming preservation of existence-level records described in Issue 1 or, in the alternative, identifying the specific systems and custodians placed under hold, without ordering merits discovery.

5.      Whether any existence identifiers referenced in such certifications (e.g., session IDs, system names, or custodian identifiers) should be handled under a CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation.

6.      Whether, consistent with the noticed request, the Court should decide this preservation motion on the papers under Civil L.R. 7-1(b).

**Relief Sought**

Plaintiff respectfully requests that the Court enter an order providing the following relief:

MOTION FOR TARGETED PRESERVATION ORDER - ACCENTURE LLP

7.      Plaintiff respectfully requests that the Court enter a preservation-only order, narrowly tailored to Final Human Review activities in 2022, including July 4, 2022, without compelling production of any contents.

8.      *Definitions for Preservation Scope Only.* For purposes of this order, and solely to delineate the preservation scope (not to compel production), the following terms apply:

(a) *"Final Human Review"* means the human review process conducted by Accenture personnel for Meta's content moderation enforcement actions, including appeals and edge cases.

(b) *"Review Session Telemetry"* means records of reviewer activities including session IDs, timestamps, assets rendered, and moderation decisions (existence/metadata only).

(c) *"Asset-to-Reviewer Mapping"* means data sufficient to identify which identity-revealing materials (profile photos, government IDs) were displayed to which reviewer-role identifiers during Final Human Review (existence/metadata only).

(d) *"Meta-Provided Tools"* means content-review systems, dashboards, and databases that Meta made accessible to Accenture for performing moderation services. For purposes of preservation scope only, this includes data and logs that Accenture personnel accessed in the ordinary course in 2022 through Meta's systems; this preservation scope does not compel Accenture to create new records, obtain new access, or make merits admissions.

(e) *"Plaintiff's Account Identifiers"* means the unique identifiers associated with Plaintiff's Meta account(s) during July 2022 sufficient to locate review records.

9.      *Temporal Scope.* Preservation shall be limited to calendar year 2022, with express inclusion of July 4, 2022, keyed to Plaintiff's Account Identifiers, and shall apply only to systems/logs necessary to capture the existence-level items described below.

10.     *Existence-Level Categories to Preserve (No Contents).* Accenture shall preserve the following categories of existence-level records:

(a) Review Session Telemetry: Records sufficient to show reviewer-role identifiers,

MOTION FOR TARGETED PRESERVATION ORDER - ACCENTURE LLP

session start/stop times, asset-render events, and decision timestamps for Final

Human Reviews conducted in 2022, including July 4, 2022 (no content or rationale).

(b) Asset-to-Reviewer Mapping: Records sufficient to show which identity-revealing

materials were displayed to which reviewer-role identifiers during Final Human

Review in 2022 (no image contents).

(c) Tool-Access Logs: Records of Accenture personnel access to Meta-provided tools

and systems used for Final Human Review in 2022 (no query contents).

11.    *Confidentiality.* Any existence-level identifiers (e.g., session IDs, system names)

referenced in certifications or preservation notices may be designated CONFIDENTIAL –

SUBJECT TO PROTECTIVE ORDER and handled accordingly.

12.    *Rule 26(g) Preservation Certification (Case-Management Only).* Accenture shall

provide:

(a) Within seven (7) days: A certification that litigation holds covering the

systems/custodians necessary to preserve the items in Paragraph 10 have been

implemented.

(b) Within fourteen (14) days: A certification either

(i) confirming that the existence-level records described in Paragraph 10 are

preserved; or

(ii) identifying the specific systems and custodians placed under hold

sufficient to capture those items.

13.    *No Production Compelled.* This order is preservation-only and does not require

production of any content, documents, or ESI.

14.    *Duration.* Preservation shall continue until further order of the Court or written

agreement of the parties approved by the Court.

### Procedural Posture & Background

15.    *Procedural Posture.* The complaint was filed on September 9, 2025, and the case was

reassigned to the Hon. Charles R. Breyer on September 18, 2025. An Initial Case Management

Conference is set for December 19, 2025 at 8:30 a.m. (videoconference). On October 8, 2025,

Plaintiff filed a Civil L.R. 6-3 motion to change time to advance the Initial Case Management Conference and extend the deadline to oppose any Rule 12 motions. On October 9, 2025, Plaintiff filed a targeted preservation motion directed to Meta. The Court granted Accenture's pro hac vice application for Devin S. Anderson on October 7, 2025. These matters remain pending.

16. *Background.* The present motion seeks narrow, preservation-only relief directed to Accenture concerning a discrete event: the July 4, 2022 account enforcement and immediate final human review. The requested order is confined to existence-level, non-content artifacts necessary to locate and lock linkage information (including review-session telemetry, asset-to-reviewer mapping, and tool-access logs), within a defined 2022 window, and requests decision on the papers under Civil L.R. 7-1(b). No Rule 26(f) conference has occurred and discovery has not opened.

## Legal Standards

17. Under the Federal Rules of Civil Procedure, the Court has broad discretion to manage discovery and issue tailored, proportional orders that protect against loss of relevant information. Fed. R. Civ. P. 26(b)(1) (scope and proportionality); Fed. R. Civ. P. 26(c) (protective orders); Fed. R. Civ. P. 26(d)(1) (timing) and 26(d)(3) (sequence). These rules authorize case-management relief—including preservation-only directives—before a Rule 26(f) conference when necessary to safeguard evidence while deferring production and merits issues to later phases.

18. Rule 26(g) requires that discovery-related submissions be signed to certify reasonable inquiry and compliance with the Rules. Fed. R. Civ. P. 26(g)(1). Limited certifications confirming that litigation holds have been implemented and that specified categories are being preserved fall within this case-management framework without compelling production. Such certifications serve to confirm adequacy of preservation without converting the motion into merits discovery. This certification approach is consistent with the Northern District's ESI Guidelines and Standing Order, which require parties to report at the CMC that they have reviewed the ESI Guidelines and taken reasonable, proportionate preservation steps.

19. Rule 37(e) addresses preservation of electronically stored information. When ESI that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional

1  discovery, the Court may order measures no greater than necessary to cure the prejudice. Fed. R. Civ.

2  P. 37(e). Targeted preservation orders—limited by time, systems, and subject matter—prevent such

3  loss and align with Rule 37(e)'s preventive purpose and Rule 26(b)(1)'s proportionality requirement.

4      20.    The Court possesses inherent authority to control its docket and manage

5  pre-discovery preservation issues. See, e.g., Leon v. IDX Sys. Corp., 464 F.3d 951, 958 (9th Cir.

6  2006) (recognizing inherent power to manage litigation). The Court may determine this motion

7  without oral argument under Civil L.R. 7-1(b), reinforcing that the requested relief is administrative

8  case management (preservation only) rather than production or adjudication on the merits.

9                                 **Argument**

10     21.    *Good Cause.* A targeted preservation order is warranted to prevent the loss of

11  transient existence-level artifacts tied to Final Human Review activities conducted by Accenture in

12  2022, including the July 4, 2022 review of Plaintiff's account. The request is limited to

13  metadata/existence indicators necessary to determine the linkage between identity-revealing

14  materials and specific reviewer-role identifiers during Final Human Review. These artifacts—review

15  session telemetry, asset-to-reviewer mapping, and tool-access logs—are the only means to establish

16  whether and which reviewers had visibility of users' identity-revealing materials at decision points.

17  No contents are sought.

18     22.    *Proportionality.* The request is proportional to the needs of the case under Rule

19  26(b)(1). It is confined to calendar year 2022, keyed to Plaintiff's account identifiers, and limited to

20  three discrete categories of system-level artifacts. The order expressly disclaims any production.

21  This narrow scope minimizes burden while ensuring preservation of records that, if lost through

22  routine rotation, cannot be restored or replaced.

23     23.    *Issue 1 (Existence-Level Categories).* The three categories set out in the motion—(a)

24  review session telemetry; (b) asset-to-reviewer mapping; and (c) tool-access logs—are directly tied

25  to Accenture's alleged role in conducting Final Human Review with visibility of users'

26  identity-revealing materials as set forth in the Complaint. Preserving these limited indicators

27  safeguards the core artifacts without compelling content or merits discovery.

28

24.    *Issue 2 (Possession, Custody, or Control).* Defining preservation obligations to include data accessible through Meta-provided tools reflects the operational reality of Accenture's moderation services. Accenture personnel routinely accessed these systems to perform their contracted duties. The functional control exercised through such access brings these records within Accenture's preservation obligations. Excluding such data from preservation would create an artificial gap based solely on technical system ownership rather than operational access and control.

25.    *Issue 3 (Temporal Limit).* Limiting preservation to calendar year 2022, with express inclusion of July 4, 2022, keyed to Plaintiff's account identifiers, strikes the proper balance between preventing loss and avoiding undue burden. This window captures the enforcement period alleged in the Complaint while remaining proportional to the case's needs.

26.    *Issue 4 (Two-Step Rule 26(g) Certifications).* The proposed certifications are case-management attestations. Within seven days, Accenture certifies that litigation holds covering the necessary systems/custodians have been implemented. Within fourteen days, Accenture either (i) confirms preservation of the existence-level items described, or (ii) identifies the specific systems/custodians placed under hold sufficient to capture those items. These limited certifications are procedural and ensure preservation remains intact pending discovery.

27.    *Issue 5 (Confidentiality).* Any existence-level identifiers referenced in certifications or preservation notices (e.g., session IDs, system names) may be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER and handled accordingly, further reducing any potential burden or sensitivity concerns.

28.    *Issue 6 (Decision on the Papers).* Consistent with the noticed request and the purely preservation-only nature of the relief, the Court may determine this motion without oral argument under Civil L.R. 7-1(b). This posture aligns with the pre-Rule 26(f) status and avoids premature merits disputes.

29.    *Pre-26(f) Posture.* No Rule 26(f) conference has occurred and discovery has not opened. The requested order is narrowly tailored, preservation-only, and calibrated to safeguard evidence while leaving production and merits issues for later phases.

**Requested Order Terms**

MOTION FOR TARGETED PRESERVATION ORDER - ACCENTURE LLP

30.    *Preservation-Only Order.* Enter a preservation-only order limited to existence-level, non-content artifacts tied to Final Human Review activities in 2022, including July 4, 2022.

31.    *Definitions for Scope Only.* For purposes of preservation scope (not production), apply the motion's working definitions of "Final Human Review," "Review Session Telemetry," "Asset-to-Reviewer Mapping," "Meta-Provided Tools," and "Plaintiff's Account Identifiers" as set forth in Paragraph 8 above.

32.    *Temporal Scope and System Focus.* Limit preservation to calendar year 2022, with express inclusion of July 4, 2022, keyed to Plaintiff's Account Identifiers, and require suspension of routine deletion/rotation only for the specific systems/logs necessary to capture the existence-level items described herein for that window.

33.    *Existence-Level Categories to Preserve.* Preserve records sufficient to show, without contents:

(a) *Review Session Telemetry (Existence Only):* reviewer-role identifiers, session start/stop times, asset-render events, and decision timestamps for Final Human Reviews conducted in 2022, including July 4, 2022 (excluding any review notes, rationale text, or content);

(b) *Asset-to-Reviewer Mapping (Existence Only):* which identity-revealing materials were displayed to which reviewer-role identifiers during Final Human Review in 2022 (excluding image contents); and

(c) *Tool-Access Logs (Existence Only):* Accenture personnel access to Meta-provided tools and systems used for Final Human Review in 2022 (excluding query contents).

34.    *Two-Step Rule 26(g) Certifications (Case-Management Only).* Require:

(a) Within seven (7) days: a certification that litigation holds covering systems/custodians necessary to preserve the items in Paragraph 10 above have been implemented; and

(b) Within fourteen (14) days: a certification either

(i) confirming that the existence-level records described in Paragraph 10 above are preserved; or

MOTION FOR TARGETED PRESERVATION ORDER - ACCENTURE LLP

(ii) identifying the specific systems and custodians placed under hold

sufficient to capture those items. These certifications are limited to

preservation adequacy and do not constitute merits discovery or admissions.

35.    *Confidentiality Handling.* Permit any existence-level identifiers referenced in certifications or preservation notices (e.g., session IDs, system names) to be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER and handled accordingly.

36.    *No Waiver / No New Records.* Clarify that complying with this preservation order does not waive any party's objections to relevance, proportionality, admissibility, or privilege, and does not require creation of new records beyond reasonable steps necessary to suspend deletion/rotation and preserve existing existence-level artifacts.

37.    *Decision on the Papers.* The Court may determine this preservation motion without oral argument under Civil L.R. 7-1(b).

38.    *Duration.* Preservation shall continue until further order of the Court or written agreement of the parties approved by the Court.

MOTION FOR TARGETED PRESERVATION ORDER - ACCENTURE LLP

**Declaration of Marvelle J. Ballentine in Support of Motion for Targeted Preservation Order**
(Accenture LLP)

I, Marvelle J. "Jay" Ballentine, declare:

1.      I am the Plaintiff in this action. I have personal knowledge of the facts stated in this declaration and could testify to them if called.

2.      On July 4, 2022, my Meta account was disabled under Meta's Child Sexual Exploitation policy. I submitted an in-product appeal the same day, and final human review occurred within hours following the disablement.

3.      The motion seeks preservation-only relief. It seeks preservation of existence-level, non-content records sufficient to show the linkage between identity-revealing materials and reviewer-role identifiers during Final Human Review, specifically: review session telemetry, asset-to-reviewer mapping data, and tool-access logs for Meta-provided systems used during Final Human Review in 2022, including July 4, 2022.

4.      The requested preservation is limited to calendar year 2022, with express inclusion of July 4, 2022, and keyed to my account identifiers.

5.      Based on information and belief, certain review session and linkage data relevant to these categories are subject to routine deletion or rotation in the ordinary course of business. Targeted preservation for the limited window described above is necessary to prevent loss before discovery opens.

6.      As of the date of this declaration, no Rule 26(f) conference has occurred and discovery has not opened.

7.      The motion requests two limited certifications under Rule 26(g):

(a) within seven days, Accenture should certify that litigation holds covering the necessary systems and custodians have been implemented; and

(b) within fourteen days, Accenture should certify either that the existence-level items described are preserved or identify the specific systems and custodians placed under hold sufficient to capture those items. These are case-management attestations directed to preservation adequacy, not merits discovery.

8.      Any existence-level identifiers referenced in the certifications may be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER and handled accordingly.

MOTION FOR TARGETED PRESERVATION ORDER - ACCENTURE LLP

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 9, 2025

By: */s/ Marvelle J. Ballentine*
Marvelle J. "Jay" Ballentine
Plaintiff, pro se
7862 W. Irlo Bronson Memorial Hwy, #82
Kissimmee, FL 34747
(407) 794-6503
jayballentine@protonmail.com

MOTION FOR TARGETED PRESERVATION ORDER - ACCENTURE LLP