Marvelle J. "Jay" Ballentine
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
(407) 794-6503
jayballentine@protonmail.com
Plaintiff, pro se

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVELLE J. "JAY" BALLENTINE )<br><br>    Plaintiff, )<br><br>vs. )<br><br>META PLATFORMS, INC., and )<br>ACCENTURE LLP )<br><br>    Defendant(s) ) | Case No.: 3:25-cv-07671-CRB<br><br>**Before Hon. Peter H. Kang, U.S.M.J.**<br><br>**PLAINTIFF'S OPPOSITION TO META'S CROSS-MOTION AND STATEMENT IN FURTHER SUPPORT OF CIVIL L.R. 7-11 ADMINISTRATIVE MOTION** |

**PRELIMINARY STATEMENT**

Plaintiff's 7-11 request is a housekeeping directive to implement Dkt. 25 on parity terms for a self-represented party. Meta's unexpected opposition and overbroad and unnecessary cross-motion confirm why minimal guardrails are necessary. The Court already required a meet-and-confer by October 31 and a joint status report by November 4 under the discovery referral. Good-faith timing request. When Plaintiff filed the 7-11 on October 28, the Court's October 31 preservation meet-and-confer was imminent under Dkt. 25. In light of the compressed window and to avoid forcing a same-week ruling, Plaintiff proposed November 7 as a brief, one-week adjustment so the Court could decide format first and the parties could confer under clear guidance. The request seeks orderly implementation of Dkt. 25—not merits discovery—and aligns with Rule 26(f)(1)'s "as soon as practicable" direction. Plaintiff asks only for a workable format and a short follow-on joint report that sets a Rule 26(f) date as soon as practicable. Nothing in this reply seeks merits discovery or relitigates the case management conference.

**PROCEDURAL POSTURE**

On October 14, the Court referred discovery to Magistrate Judge Kang and ordered the parties to meet and confer by October 31 regarding preservation, with a joint status report due November 4. On October 28, Plaintiff filed a Civil L.R. 7-11 motion proposing a modest structure to carry out that order: brief, sequential defendant-specific segments, followed by one joint report that covers preservation outcomes and sets a Rule 26(f) date. On October 29, Plaintiff filed a Civil L.R. 6-3 motion to have the 7-11 decided in time to guide the Court-ordered session.

**ARGUMENT**

*I. The Requested Directive Implements Dkt. 25 and Rule 1; It Neither Relitigates the CMC Nor Opens Merits Discovery*

Dkt. 25 put preservation management in the Magistrate Judge's hands, required a meet-and-confer by a date certain, and required a joint status report. Plaintiff's 7-11 aligns the format and the follow-on filing with that order, and asks that the joint report also identify the date for a Rule 26(f) conference as soon as practicable. This is case-management under the discovery referral, not an attempt to advance the CMC or to trigger merits discovery.

2

PLAINTIFF'S OPPOSITION TO META'S CROSS-MOTION AND STATEMENT IN SUPPORT OF 7-11 MOTION

Meta's refrain that the district judge "already decided" timing is misplaced. The 7-11 seeks to structure the meet-and-confer that Dkt. 25 already commanded. It does not request that discovery open before Rule 26(f), and it does not ask the Court to reset the district judge's calendar. Rule 1 favors this approach because a clear, parity-conscious format will produce a concise joint report and reduce downstream motion practice.

*II. The Record Shows Plaintiff's Diligence and a Defense Pattern of Resisting Timely Planning While Asserting Calendar Control*

Plaintiff offered Defendants 30 additional days to respond to the First Amended Complaint if they would consolidate the preservation meet-and-confer with a Rule 26(f) conference on October 31. Defendants refused and called a Rule 26(f) conference "premature." Plaintiff then supplied an account identifier for preservation scoping and requested confirmation that holds were implemented.

Plaintiff also proposed sequential, defendant-specific sessions to permit meaningful participation by a single pro se litigant. Accenture refused and demanded a single combined call. These communications are in the email sequence the parties already exchanged. They show Plaintiff worked to calendar Rule 26 obligations and to facilitate preservation, while Defendants opposed a prompt Rule 26(f) and insisted on a single combined call.

*III. Sequential, Defendant-Specific Segments Are a Neutral Parity Tool That Still Yield One Joint Report*

The request is narrow. Two short sessions, one for Meta and one for Accenture, followed by one joint report. This avoids cross-talk between two national defense teams on defendant-specific systems while preserving a unified filing. Nothing in the Rules prevents the Court from structuring logistics in this way to ensure an orderly and fair meet-and-confer. The 7-11 motion proposed exactly this format and a five-page joint report within days.

*IV. Plaintiff's Preservation Motions Are Restrained and Proportional; They Target Existence-Level Artifacts and Audit Trails at Risk of Rotation*

The preservation motions are limited to existence-level items and audit trails that show whether a CyberTipline report was generated or transmitted, what internal reportability status was applied, and what final review occurred. No contents are sought. The Meta motion covers the July 1

to August 10 period around the July 4 enforcement. The Accenture motion is keyed to 2022 final human review telemetry and reviewer visibility of identity materials. These are classic examples of ephemeral materials suited to early preservation planning.

The First Amended Complaint pleads that the CyberTip binary fact is dispositive of pretext, and pleads that similarly situated white users were restored. Early preservation of existence-level artifacts is therefore essential to avoid loss before discovery opens under Rule 26.

*V. Meta's Cross-Motion for a Pre-Filing Restriction Should Be Denied; It Is Overbroad and Unnecessary Within an Administrative Scheduling Dispute*

Meta asks the Court to restrict a pro se litigant from filing future discovery motions absent leave, inside an opposition to an administrative scheduling motion. An administrative scheduling dispute is not a vehicle for pre-filing restrictions. The discovery referral and Standing Orders already provide the process for raising disputes. There is no record of abusive filings or evasion of the Court's procedures. The cross-motion reads as punishment for using Dkt. 25's process and confirms why modest guardrails are warranted for the near-term conferral. The Court should deny or hold the cross-motion in abeyance and direct the parties to follow Dkt. 25 and the Magistrate's Standing Order. (Under Dkt. 25, discovery management is before this Court, and Section H of the Standing Order governs conferral and reporting mechanics.)

Plaintiff asked for calendar coordination and parity; Meta answered with a pre-filing restriction.

**REQUESTED RELIEF**

1. Sequential sessions and joint wrap-up. Order the October 31 meet-and-confer, or the next earliest date set by the Court, to proceed in sequential, defendant-specific sessions: a Meta-only session then an Accenture-only session, followed by a brief all-parties session to align on joint report logistics.

2. Joint report deadline and content. Require one joint report (not to exceed five pages) that: states preservation outcomes, identifies any narrowed issues, and sets the date for the Rule 26(f) conference as soon as practicable. A November 12 deadline is workable and consistent with the 7-11 proposal.

3. Minimal preservation confirmations. Require Meta and Accenture to certify that litigation holds keyed to the email identifier produced for preservation scoping have been implemented across systems reasonably likely to contain July 2022 enforcement, appeal, and identity-verification audit data, consistent with the existence-level scope described in the preservation motions. No contents. No merits discovery.

**CROSS-MOTION**

Deny Meta's cross-motion for pre-filing restrictions. The relief is unnecessary within the discovery referral and reads as punitive escalation to a scheduling motion that seeks only neutral logistics under Dkt. 25.

**CONCLUSION**

Plaintiff respectfully requests that the Court grant the relief above and deny Meta's cross-motion.

Dated: October 30, 2025

Respectfully submitted,

*/s/ Marvelle J. Ballentine*
Marvelle J. "Jay" Ballentine
Plaintiff, pro se