MICHELLE VISSER (SBN 277509)
mvisser@orrick.com
SARAH N. DAVIS (SBN 275145)
sdavis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

Attorneys for Defendant
Meta Platforms, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVELLE J. "JAY" BALLENTINE,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., and ACCENTURE LLP,<br><br>Defendants. | Case No. 3:25-cv-7671-CRB<br><br>**DEFENDANT META PLATFORMS, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:       January 30, 2026<br>Time:       10:00 am<br>Judge:      Hon. Charles R. Breyer<br>Dept:       Courtroom 6 – 17th Floor<br>            San Francisco |

Defendant Meta Platforms, Inc. ("Meta") respectfully requests that the Court take judicial notice of, or consider, Meta's Child Sexual Exploitation, Abuse, and Nudity Policy (the "CSE Policy") described below, pursuant to the incorporation by reference doctrine or Federal Rule of Evidence 201. Meta submits this Request in support of its Motion to Dismiss Plaintiff's First Amended Complaint ("Motion to Dismiss") in the above the captioned matter. A true and correct copy of the CSE Policy is attached as an exhibit to the Declaration of Michael Duffey.

## I.    THE CSE POLICY IS INCORPORATED BY REFERENCE INTO THE FIRST AMENDED COMPLAINT AND IS PROPERLY SUBJECT TO JUDICIAL NOTICE

In connection with its Motion to Dismiss Plaintiff's First Amended Complaint, Meta respectfully requests that this Court take judicial notice of, or consider, the CSE Policy that was in effect in June and July 2022. The applicable version of the CSE Policy is attached as Exhibit A to the Declaration of Michael Duffey.

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), a court may consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A court may take judicial notice of matters either "generally known" or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." *Id.* at 909 (quoting Fed. R. Evid. 201(b)).

A. The CSE Policy is Incorporated by Reference into Plaintiff's First Amended Complaint.

"[I]ncorporation by reference is a judicial doctrine that prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken or extinguish their claims." *In re Intel Corp. Sec. Litig.*, No. 18-cv-00507-YGR, 2019 WL 1427660, at *6 (N.D. Cal. Mar. 29, 2019) (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)). "A defendant may seek to incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.*

Plaintiff's First Amended Complaint incorporates the CSE Policy by reference because he

1   repeatedly refers to the CSE Policy throughout the complaint and his interpretation of the CSE

2   Policy forms the basis of his claims.  *See* FAC ¶¶ 33, 84, 108, 137, 155, 167.  Because Plaintiff

3   extensively refers to the CSE policy and relies on it to support his claims, the CSE Policy is

4   incorporated by reference and the Court may consider it.  *See Zhang v. Twitter, Inc.*, No. 23-cv-

5   00980, 2023 WL 5493823, at *3 (N.D. Cal. Aug. 23, 2023) (finding that Twitter's "Child Sexual

6   Exploitation policy" is "properly subject to incorporation by reference" where Plaintiff's

7   complained alleged that Twitter refused to take action against a third-party user's account under

8   the policy); *Shang v. Twitch Interactive, Inc.*, No. 3:24-cv-06664, 2025 WL 56415, at *2 (N.D. Cal.

9   Jan. 9, 2025) (finding that Twitch's terms of service were incorporated by reference into the

10  Complaint where "the Complaint contains multiple references to Twitch's Terms of Service").

11                      B. The CSE Policy is Properly Subject to Judicial Notice

12        The Court may also judicially notice the CSE Policy to consider it on Meta's Motion to

13  Dismiss, independently of it being incorporated by reference into Plaintiff's First Amended

14  Complaint.  Courts in this district have routinely recognized that a company's policies, including

15  CSE policies, which are published on publicly accessible websites are proper subjects for judicial

16  notice.  *See Zhang*, 2023 WL 5493823, at *2-3 (taking judicial notice of Twitter's "Child sexual

17  exploitation policy" because it was posed on a "publicly available webpage[] and [its] contents are

18  not subject to reasonable dispute");  *Brown v. Google, LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal.

19  2021) (taking judicial notice of Google's privacy policy, privacy notice, terms of service, and other

20  publicly available webpages); *In re Meta Pixel Tax Filing Cases*, 724 F. Supp. 3d 987, 1001-02

21  (N.D. Cal. 2024) (taking judicial notice of Meta's Terms of Service, Privacy Policy, Cookies Policy

22  along with other portions on its publicly available website).  The CSE Policy, including historic

23  versions over time, is available on Meta's publicly accessible website at the following URL:

24  https://transparency.meta.com/policies/community-standards/child-sexual-exploitation-abuse-

25  nudity/.

26        Here, Plaintiff's First Amended Complaint is premised on allegations that Meta terminated

27  his Facebook account pursuant to the CSE Policy, which he alleges that Meta enforces in a racially

28  discriminatory manner.  Accordingly, Plaintiff's claims directly implicate the CSE Policy and

Meta's decisions to suspend accounts for violations of that Policy. Because the CSE Policy is capable of accurate and ready determination from a source whose accuracy cannot be reasonably questioned, the Court should take judicial notice of the CSE Policy.

## CONCLUSION

For the foregoing reasons, Meta respectfully requests that the Court take judicial notice of the CSE Policy attached to the Declaration of Michael Duffey.

Dated: October 31, 2025                    By: */s/ Michelle Visser*

Michelle Visser
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
mvisser@orrick.com
Telephone: (415) 773-5518

Attorneys for Defendant
Meta Platforms, Inc.

META PLATFORMS' RJN ISO MTD FIRST AM.
COMPL. NO. 3:25-CV-7671-CRB