Marvelle J. "Jay" Ballentine
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
(407) 794-6503
jayballentine@protonmail.com
Plaintiff, pro se

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVELLE J. "JAY" BALLENTINE<br><br>        Plaintiff,<br><br>vs.<br><br>META PLATFORMS, INC., and ACCENTURE LLP<br><br>        Defendant(s) | Case No.: 3:25-cv-07671-CRB<br><br>**Before Hon. Peter H. Kang, U.S.M.J. (discovery reference)**<br><br>**PLAINTIFF'S NOTICE REGARDING DKT. 25 — STATUS REPORT SUBMISSION AND EXHIBITS** |

**Purpose.** Magistrate Judge Kang's October 14, 2025 order directed the Parties to (i) meet and confer on Plaintiff's pending preservation motions by October 31, 2025, and (ii) file a joint status report by November 4, 2025 stating whether the dispute is resolved, narrowed, or unresolved. Plaintiff submits this Notice to (a) document compliance and (b) provide the Court with the materials Plaintiff circulated to facilitate a joint filing, without representing that any joint text was agreed.

**I. Procedural posture under Dkt. 25**

1. **Meet-and-confer held (Oct. 31, 2025).** The Parties convened within the ordered window. Plaintiff requested sequential, defendant-specific sessions for parity as a self-represented party; Defendants declined and the session proceeded jointly.

2. **Circulated draft for a joint filing (Nov. 3, 2025).** Twenty-four hours before the deadline, Plaintiff circulated a concise status report draft with placeholders for each Defendant's short statement, requested tracked edits or a redline, and invited signature or authorization to file.

3. **Divergence on scope.** Defendants did not return position text for the joint draft by filing time and instead urged Plaintiff to execute a defense-authored paper that included merits-style content beyond the limited preservation-status scope contemplated by Dkt. 25. To avoid mischaracterizing any paper as "joint," Plaintiff refrains from filing a joint submission and instead files this Notice with Plaintiff's circulated draft attached as an exhibit.

**II. What is enclosed (outbound, neutral exhibits)**

**Exhibit A** – Plaintiff's Draft Status Report (as circulated Nov. 3, 2025) — containing neutral procedural sections and placeholders for Defendants' statements.

**Exhibit B** – Oct. 20, 2025 preservation identifier notice (outbound) — providing {jaychizza@icloud.com} for preservation/search scoping and requesting confirmation of holds.

**Exhibit C** – Oct. 31, 2025 memorialization email (outbound) — recording conference format, the identifier provided, the existence-only topics discussed, and that no on-call preservation confirmations were provided.

Plaintiff does not attach defense emails or their proposed merits-style paper; upon the Court's request, Plaintiff can submit it solely to complete the record on the scope dispute.

**III. Status under Dkt. 25 (preservation only)**

• **Resolved?** No.

• **Narrowed?** Partially. Plaintiff provided a scoped account identifier and limited requests to existence-level preservation and short Rule 26(g) certifications.

• **Outstanding points:**

1. Defendant-specific confirmation that litigation holds keyed to Plaintiff's account-level identifier have been implemented across systems reasonably likely to contain July 2022 enforcement/appeal data (Meta) and 2022 Final Human Review telemetry/logs (Accenture).

2. Whether the Parties may take one limited step to confirm existence and date only of any CyberTipline report associated with the July 4, 2022 enforcement (no contents).

3. Whether Defendants will provide short Rule 26(g) certifications (7-day hold; 14-day confirmation of preservation or identification of systems/custodians under hold).

**IV. Requested direction (narrow, administrative)**

To efficiently close the discrete CyberTip preservation/verification gap and memorialize preservation compliance without opening merits discovery, Plaintiff respectfully requests:

1. A brief Rule 26(f) conference limited to the CyberTip issue and preservation (existence/date only; no contents), to occur within 7 days, and authorization of one limited existence/date confirmation step sufficient to resolve that single question; and

2. Short Rule 26(g) certifications: within 7 days, certification that suitable litigation holds are in place; within 14 days, certification either confirming that the existence-level items are preserved or identifying the specific systems/custodians under hold sufficient to capture them (any existence identifiers may be designated CONFIDENTIAL).

These steps are consistent with Plaintiff's pending preservation motions, remain existence-only, and avoid merits discovery while safeguarding potentially transient logs.

**V. Closing**

Plaintiff stands ready to supplement this Notice with Defendants' concise statements if they elect to provide them consistent with Dkt. 25's limited preservation-status scope.

Dated: November 4, 2025                                     Respectfully submitted,

*/s/ Marvelle J. Ballentine*
Marvelle J. "Jay" Ballentine
Plaintiff, pro se