UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**EXHIBIT A**

MARVELLE J. "JAY" BALLENTINE,
Plaintiff,

v.

META PLATFORMS, INC., and ACCENTURE LLP,
Defendants.

Case No. 3:25-cv-07671-CRB

District Judge: Hon. Charles R. Breyer
Discovery Referral: Hon. Peter H. Kang

**JOINT STATUS REPORT RE OCTOBER 31, 2025**

**PRESERVATION MEET AND CONFER (DKT. 25)**

**JOINT STATUS REPORT RE OCTOBER 31, 2025, PRESERVATION MEET-AND-CONFER (DKT. 25)**

**Submitted pursuant to Magistrate Judge Kang's in-chambers order directing (i) a meet-and-confer on Plaintiff's pending targeted preservation motions by October 31, 2025, and (ii) a joint status report by November 4, 2025.**

I. Procedural background (preservation motions only)

1. On October 9, 2025, Plaintiff filed targeted, preservation-only motions directed separately to Meta and Accenture. Each motion seeks narrow, existence-level (non-content) preservation and short Rule 26(g) certifications, without opening merits discovery.
2. On October 14, 2025, the Court referred discovery to Magistrate Judge Kang and ordered the Parties to (a) meet and confer on the preservation motions by October 31, 2025, and (b) file a joint status report by November 4, 2025 addressing whether the dispute is resolved, narrowed, or remains unresolved. On October 31, 2025, the docket reiterated the November 4 reporting deadline.

II. Meet-and-confer session held October 31, 2025

**Date/Time/Format.** The Parties met by Microsoft Teams on Friday, October 31, 2025, within the Court-ordered window. Plaintiff had requested sequential, defendant-specific sessions for parity as a self-represented litigant; Defendants declined and the session proceeded jointly.

**Participants.** Plaintiff (pro se); counsel for Meta; counsel for Accenture. (Conference logistics were circulated by Meta; Plaintiff confirmed attendance.)

### III. Topics discussed and recorded outcomes

### A. Identifier provided for preservation scoping (Meta)

- **Identifier produced.** On October 24, 2025, to facilitate targeted preservation under Dkt. 25, Plaintiff provided the email ✗✗✗✗✗✗✗✗✗✗ as an account-level identifier, expressly for preservation and search scoping only and without waiver of privacy, authentication, or discovery-scope objections. Plaintiff requested confirmation that litigation holds and collection locks were implemented using that identifier across systems reasonably likely to contain relevant data. **Status:** On the October 31 call, Meta did not confirm that a litigation hold keyed to this identifier had been implemented or that July 2022 enforcement/appeal systems are under hold.

### B. Plaintiff's preservation requests (existence-level only)

- **Meta (existence only):** Preserve (i) CyberTipline generation/transmission existence (yes/no and date metadata), (ii) internal "reportable/non-reportable" status for the July 4, 2022 enforcement, and (iii) appeal/final-review audit trail (timestamps and reviewer-role identifiers), limited to July 1–August 10, 2022 and keyed to Plaintiff's account identifiers. **Status:** Meta did not confirm on the call that these existence-level items are under hold.
- **Accenture (existence only):** Preserve (i) Final Human Review session telemetry (session start/stop, asset-render events, reviewer-role IDs, decision timestamps), (ii) asset-to-reviewer mapping for identity-revealing materials displayed to reviewer-role IDs, and (iii) tool-access logs for Meta-provided review systems used in 2022, keyed to Plaintiff's identifiers and including **July 4, 2022**. **Status:** Accenture did not confirm that these existence-level artifacts will be preserved.
- **Counsel statements.** Defense counsel stated that their clients "perform their ethical obligations" regarding preservation. No client-specific system holds, custodians, or log families were identified on the call.

### C. Narrow stipulation requests discussed October 31

Plaintiff requested two narrow, discovery-neutral stipulations intended to verify existence/date only of any NCMEC report tied to the July 4, 2022 enforcement:

1. **Limited Rule 45 subpoena to NCMEC** (existence and date only; no contents).
2. **Alternative**: within 14 days, Meta custodian declaration stating yes/no whether any CyberTipline report exists for the July 4, 2022 event and, if yes, the filing date.

**Status:** As of Monday, November 3, 2025, 5:00 p.m. ET, Plaintiff has not received Defendants' written positions.

**IV. Dispute status under Dkt. 25**

- **Resolved?** *No.*
- **Narrowed?** *Partially.* Plaintiff provided a scoping identifier and limited the ask to existence-level preservation plus administrative certifications; Defendants have not confirmed implementation or scope of holds keyed to the identifier.
- **Unresolved issues for the Court (preservation only):**
    1. Whether Meta and Accenture will provide 7-day and 14-day Rule 26(g) certifications as outlined in Plaintiff's preservation motions (hold issued; then confirmation of existence-level preservation or identification of systems/custodians under hold).
    2. Whether Meta will confirm holds keyed to ▓▓▓▓▓▓▓▓▓▓ across systems reasonably likely to contain July 2022 enforcement/appeal data, or identify any specific technical impediment.
    3. Whether the Parties may proceed by *one limited Rule 45 subpoena to NCMEC* (existence/date only) or, in the alternative, a Meta custodian declaration within 14 days.

**V. Plaintiff's statement (preservation only)**

1. **Relief requested (administrative case-management):**
    - Enter short, preservation-only directives adopting the existence-level categories and time windows in the Meta and Accenture motions, with no content production compelled.
    - Require the two-step Rule 26(g) certifications: (a) within 7 days, confirmation that suitable litigation holds are in place; and (b) within 14 days, confirmation that the identified existence-level items are preserved **or** identification of the systems/custodians under hold sufficient to capture them (with existence-level identifiers designated *CONFIDENTIAL*).
    - Authorize *one limited Rule 45 subpoena to NCMEC* (existence/date only), or alternatively direct Meta to provide a custodian declaration within 14 days with the same existence/date confirmation.
2. **Scope/Proportionality.** The requests are narrowly framed, time-boxed (July 1–Aug. 10, 2022 for Meta; calendar-year 2022 including July 4, 2022 for Accenture), keyed to Plaintiff's account identifiers, and designed to prevent loss of transient audit-trail/telemetry metadata while deferring any merits discovery.

**VI. Defendant Meta's statement (to be supplied by Meta)**

**Meta to provide its concise statement of position on:**

- Whether the dispute is resolved, narrowed, or remains unresolved;
- Whether Meta will provide the 7-day / 14-day certifications described above;
- Whether Meta agrees to either stipulation: (1) limited NCMEC subpoena (existence/date only) or (2) Meta custodian declaration within 14 days;

- Any asserted technical impediment to implementing holds keyed to {jaychizza@icloud.com} across relevant systems.

## VII. Defendant Accenture's statement (to be supplied by Accenture)

**Accenture to provide its concise statement of position on:**

- Whether the dispute is resolved, narrowed, or remains unresolved;
- Whether Accenture will provide the 7-day / 14-day certifications described above;
- Accenture's position on preserving Final Human Review telemetry, asset-to-reviewer mapping, and tool-access logs for 2022 (existence-only), including July 4, 2022.

## VIII. Proposed next steps

If, upon receipt of the Parties' completed positions, the dispute remains unresolved, Plaintiff respectfully requests that the Court either (a) issue preservation-only directives consistent with Sections V.1–2 above, or (b) set a brief (≤30-minute) telephonic conference to finalize preservation terms and certification timing under Dkt. 25.

## Signature

Dated: November 3, 2025

*/s/ Marvelle J. Ballentine*
Marvelle J. "Jay" Ballentine
Plaintiff, pro se

**[Signature block to be added by Meta's counsel]**
Counsel for Meta Platforms, Inc.

**[Signature block to be added by Accenture's counsel]**
Counsel for Accenture LLP