Chris Keegan (SBN 232045)
KIRKLAND & ELLIS LLP
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1882
Facsimile: (415) 439-1500

Devin S. Anderson (admitted pro hac vice)
KIRKLAND & ELLIS LLP
95 South State Street
Salt Lake City, UT 84111
Telephone: (801) 877-8115
Facsimile: (801) 877-8101
devin.anderson@kirkland.com
*Attorneys for Defendant Accenture LLP*

Michelle Visser (SBN 277509)
mvisser@orrick.com
Sarah N. Davis (SBN 275145)
sdavis@orrick.com
ORRICK, HERRINGTON &
SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

*Attorneys for Defendant
Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVELLE J. "JAY" BALLENTINE<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., and ACCENTURE LLP<br><br>Defendants. | Case No. 3:25-cv-7671-CRB<br><br>**DEFENDANTS META PLATFORMS, INC. AND ACCENTURE LLP'S JOINT STATUS REPORT** |

1  Defendants Meta Platforms, Inc. ("Meta") and Accenture, LLP ("Accenture") (together,
2  "Defendants") in the above-entitled action jointly submit this status report pursuant to the Court's
3  October 14, 2025 order. Dkt. 25. Defendants met and conferred with Plaintiff regarding Plaintiff's
4  Motions for Targeted Preservation Order, Dkts. 21 and 22 ("Motions") on October 31, 2025.
5  Following that meet and confer, Defendants provided a draft joint status report that consolidated
6  the draft report that Plaintiff provided with the positions of both Defendants to Plaintiff at 12 PM
7  PT on November 4, 2025, and offered to file the joint status report upon Plaintiff's approval.
8  Instead of responding to that proposal, Plaintiff proceeded to unilaterally file his portion of the joint
9  status report. *See* Dkt. 45. In light of Plaintiff's unilateral filing, below are the positions of each
10 Defendant on the status of the parties' dispute following the meet and confer.

11 **I. Meta's Position:**

12  During the Parties' meet and confer, Meta informed Plaintiff that it had taken steps to
13 preserve relevant evidence consistent with its legal obligations and specifically confirmed that Meta
14 had received Plaintiff's Facebook account identifier that he provided in connection with the meet
15 and confer and has taken appropriate steps to preserve any accounts or other data associated with
16 that identifier. In response, Plaintiff did not identify any specific reason for concern that Meta was
17 acting inconsistent with its legal obligation to preserve evidence. Instead, Plaintiff only expressed
18 general concerns related to the preservation of records. Plaintiff's Motions similarly fail to identify
19 any reason for the Court to be concerned that Meta may not be complying with its preservation
20 obligations. Given that discovery has not opened in this case and Plaintiff did not identify any
21 reason to believe that Meta was not complying with its preservation obligations, Meta objected to
22 Plaintiff's questions on the existence of specific records and data as premature. For the same
23 reasons, Meta believes that Plaintiff's requested stipulations are likewise premature.

24  Because Meta has confirmed to Plaintiff that it has implemented processes to preserve
25 potentially relevant evidence consistent with its preservation obligations, and Plaintiff has not
26 identified any ground for concern that potentially relevant evidence is not being preserved, a
27 preservation order is unnecessary. *See Artec Grp., Inc. v. Klimov*, 2016 WL 4474614, at *1 (N.D.
28 Cal. Aug. 2, 2016) (recognizing that the "duty to preserve evidence that is relevant or could

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

- 1 -

JOINT STATUS REPORT
3:25-CV-7671-CRB

reasonably lead to the discovery of admissible evidence. . . is sufficient in most cases to secure the preservation of relevant evidence" and "[b]efore additional measures to preserve evidence are implemented, there must be some showing that there is reason for the court to be concerned that potentially relevant evidence is not being preserved"); *Young v. Facebook, Inc.*, 2010 WL 3564847, at *1 (N.D. Cal. Sept. 13, 2010) (holding that "a preservation order would be premature" absent a showing that "extraordinary preservation requirements are necessary to prevent the destruction of relevant evidence"). For the same reasons, Meta respectfully requests the Court deny Plaintiff's requests for any further conferences or other action at this time related to preservation.

## II. Accenture's Position:

At the parties' meet and confer, Accenture confirmed that it was taking appropriate steps to preserve evidence consistent with its legal obligations. Accenture asked Plaintiff whether he had any ***specific*** concerns regarding Accenture's preservation of evidence in light of the representation that Accenture is complying with its preservation obligations. Plaintiff did not identify any concerns beyond a generalized concern that data should be preserved.

The "extraordinary preservation requirement[]" of a preservation order is not necessary here because Plaintiff has not proffered any specific grounds for concern related to Accenture's preservation of evidence. *Young v. Facebook, Inc.*, 2010 WL 3564847, at *1 (N.D. Cal. Sept. 13, 2010). Accenture has confirmed it is complying with its obligations, which courts typically find as enough to secure the preservation of evidence. *Id*. A preservation order is required only when a party can "demonstrate sufficient concern for the continuing existence and maintenance of the evidence in question." *Echostar Satellite LLC v. Freetech, Inc.*, 2009 WL 8399038, at *1 (N.D. Cal. Jan. 22, 2009); *see also Artec Grp., Inc. v. Klimov*, 2016 WL 4474614, at *2 (N.D. Cal. Aug. 25, 2016). Plaintiff has not shown any reason for concern regarding Accenture's preservation. Accenture therefore respectfully requests that the Court deny Plaintiff's requests.

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

- 2 -

JOINT STATUS REPORT
3:25-CV-7671-CRB

Dated: November 4, 2025

By: */s/ Devin Anderson*
Devin Anderson
KIRKLAND & ELLIS LLP

*Attorney for Defendant Accenture LLP*

Dated: November 4, 2025

By: */s/ Michelle Visser*
Michelle Visser
ORRICK, HERRINGTON & SUTCLIFFE LLP

*Attorney for Defendant Meta Platforms, Inc.*