Marvelle J. "Jay" Ballentine
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
(407) 794-6503
jayballentine@protonmail.com
Plaintiff, pro se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARVELLE J. "JAY" BALLENTINE,

*Plaintiff,*

v.

META PLATFORMS, INC., and

ACCENTURE LLP,

*Defendants.*

Case No.: 3:25-cv-07671-CRB

**PLAINTIFF'S MOTION TO TRANSFER VENUE TO THE MIDDLE**

**DISTRICT OF FLORIDA**

*28 U.S.C. § 1404(a)*

NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Marvelle J. "Jay" Ballentine, proceeding pro se, moves this Court for an order transferring this action to the United States District Court for the Middle District of Florida pursuant to 28

U.S.C. § 1404(a). Plaintiff requests that the Court determine this motion on the papers without oral argument.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Marvelle J. Ballentine, the exhibits attached thereto, and the pleadings and papers on file in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES
## I. INTRODUCTION

Plaintiff requests transfer of this action to the Middle District of Florida, where Plaintiff resides, where he suffered the injuries alleged, and where a related action is now pending.

Transfer is warranted under 28 U.S.C. § 1404(a) because the location of Plaintiff and his witnesses, the pendency of a related action in MDFL, and the interest of justice favor adjudication in Florida.

## II. FACTUAL BACKGROUND

### A. Procedural Posture

1. Plaintiff filed the original complaint on September 9, 2025.

2. Plaintiff filed the First Amended Complaint on October 17, 2025.

3. Defendants Meta Platforms, Inc. and Accenture LLP filed motions to dismiss on October 31, 2025. Those motions remain pending.

4. The Initial Case Management Conference was vacated on November 19, 2025. No Rule 26(f) conference has occurred. Discovery has not opened.

5. The hearing on Defendants' motions to dismiss is currently set for February 20, 2026.

**B. The Related Florida Action**

6. On February 9, 2026, Plaintiff filed an action in the Middle District of Florida, Case No. 6:26-cv-00286-AGM-DCI, against Accenture LLP, Devin S. Anderson, Kirkland & Ellis LLP, and Meta Platforms, Inc.

7. On February 11, 2026, Plaintiff filed a First Amended Complaint in that action adding Christopher W. Keegan as a defendant.

8. The Florida action arises from statements made in filings submitted by Accenture's counsel in this litigation. Meta Platforms, Inc. and Accenture LLP are defendants in both actions.

**C. Plaintiff's Domicile and Location of Injury**

9. Plaintiff is domiciled in Clermont, Lake County, Florida.

10. Plaintiff operated his mobile RV repair business from Florida and surrounding states at all times relevant to this action.

11. The economic injuries alleged—loss of business relationships, destruction of commercial property, and exclusion from digital commerce—were suffered in Florida.

### III. LEGAL STANDARD

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

The Court considers: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

Private interest factors include: relative ease of access to sources of proof; availability of compulsory process; cost of obtaining attendance of willing witnesses; and other practical considerations. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

Public interest factors include: court congestion; local interest in the controversy; familiarity with governing law; and avoiding unnecessary conflicts of law. *Id.*

## IV. ARGUMENT

### A. Transfer to MDFL Serves the Convenience of Parties and Witnesses and the Interest of Justice

1. **This Action Could Have Been Brought in MDFL.** Venue would be proper in the Middle District of Florida under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim—Plaintiff's economic injuries and exclusion from digital commerce—occurred in Florida, where Plaintiff is domiciled and where he operated his business.

Additionally, the Middle District of Florida has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship exists: Plaintiff is a citizen of Florida; Meta Platforms, Inc. is a citizen of Delaware and California; and Accenture LLP is not a citizen of Florida. The amount in controversy exceeds

$75,000, exclusive of interest and costs. Because complete diversity exists and the amount-in-controversy requirement is satisfied, MDFL would have original jurisdiction over this action independent of any federal question.

      2.    **Convenience of the Parties.** Plaintiff is domiciled in Florida and proceeding pro se. Litigating in California imposes travel and lodging costs for every in-person proceeding. Plaintiff has already incurred costs arising from hearing-date and format changes. The corporate defendants maintain operations in multiple jurisdictions and will not be materially inconvenienced by litigating in Florida.

      3.    **Convenience of Witnesses.** Plaintiff is a necessary witness and is located in Florida. Plaintiff's business relationships and customers who can testify to his pre-ban operations are located in Florida and surrounding states.

      4.    **Interest of Justice.** A related action involving overlapping parties—Meta and Accenture—is pending in MDFL. Consolidating related litigation in one forum promotes judicial economy, avoids duplicative discovery, and reduces the risk of inconsistent judgments. The Florida action involves conduct arising from filings submitted in this litigation; witnesses and documents will overlap.

Additionally, Florida has a substantial interest in adjudicating claims brought by a Florida resident arising from injuries suffered in Florida to a Florida-based business.

**B.    The Pending Motions to Dismiss Do Not Preclude Transfer**

Courts may transfer cases with pending motions. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220–21 (7th Cir. 1986) (transfer appropriate even with pending motion to dismiss). The transferee court will have full access to the briefing and can resolve the pending motions or permit re-briefing as appropriate.

## V. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court:

1. Transfer this action to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1404(a); and

2. Grant such other relief as the Court deems just and proper.

Dated: February 12, 2026

Respectfully submitted,

*/s/ Marvelle J. Ballentine*
MARVELLE J. "JAY" BALLENTINE
Plaintiff, pro se
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
(407) 794-6503
jayballentine@protonmail.com